**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

BARRY S. ROGERS,
               Appellant,

        v.

UNITED STATES POSTAL SERVICE,
               Agency.

DOCKET NUMBER
SF-0353-13-0571-I-1

DATE: October 15, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Barry S. Rogers, Pittsburg, California, pro se.

Kristen L. Walsh, Esquire, San Francisco, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his restoration appeal for lack of Board jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant was a City Carrier for the agency.  Initial Appeal File (IAF), Tab 8 at 74.  He incurred an on-the-job knee injury in May 2000.  *Id*. at 68. Approximately 2 years later, he underwent knee surgery but continued to have residual complaints and physical limitations.  IAF, Tab 1 at 22, Tab 8 at 68. Therefore, he was placed on restricted duty.  *See* IAF, Tab 8 at 68.

¶3        The appellant's family doctor, Dr. James Eichel, submitted a letter, in July 2012, addressed to the agency.  IAF, Tab 1 at 18-20.  According to Dr. Eichel, the appellant could complete an 8-hour workday, but he continued to have restrictions from his knee injury.  *Id*. at 20.  Among other things, Dr. Eichel indicated that the appellant could walk no more than 10 minutes per day and lift no more than 5 pounds.  *Id*.

¶4        The Department of Labor's Office of Workers' Compensation Programs (OWCP) sent the appellant for an independent medical evaluation with Dr. Sumner Seibert, an orthopedic surgeon, in December 2012.  IAF, Tab 8 at 68-73; *see* 20 C.F.R. §§ 10.320, .321(b) (discussing OWCP's authority to order medical examinations).  Dr. Seibert reviewed the available medical records, including updated diagnostic imaging, and conducted a physical exam.  IAF,

Tab 8 at 69-71.  Ultimately, he opined that the appellant was limited to working 8 hours per day, with only 4 of those hours spent standing or walking.  *Id*. at 72.  Additionally, Dr. Seibert concluded that the appellant should not squat or kneel, and he should avoid lifting or carrying more than 25 pounds.  *Id*.

¶5      In April 2013, the OWCP adopted the opinion of Dr. Seibert and referred the appellant for vocational rehabilitation.  *Id*. at 55-56, 63-65.  The assigned vocational rehabilitation counselor contacted the agency to determine whether the agency could accommodate the restrictions designated by Dr. Seibert.  *Id*. at 50-51.  Subsequently, in May 2013, the agency directed the appellant to report for work, where he would be provided a job offer.  *Id*. at 28.  Days later, Dr. Eichel submitted another report, again listing limitations more restrictive than those designated by Dr. Seibert.  IAF, Tab 1 at 24.

¶6      The agency offered the appellant a series of modified work assignments in June 2013.  IAF, Tab 8 at 34-41.  The last offer, dated June 19, 2013, was for the part-time position of Modified City Carrier, and specified that the appellant would case a route for 2 hours and deliver a route for 2 hours.  *Id*. at 40-41.  The offer noted that the appellant was restricted to no more than 4 hours of standing or walking, no squatting or kneeling, and no lifting of more than 25 pounds.  *Id*. at 41.  The appellant accepted the offer, under protest.[2]  *Id*. at 40.

¶7      The appellant filed an appeal with the Board containing various allegations relating to his restoration.  IAF, Tab 1 at 2-7.  In an acknowledgment order, the administrative judge directed the appellant to meet his burden of proving that the Board had jurisdiction over his appeal.  IAF, Tab 2 at 2-4.  Both parties responded.  IAF, Tabs 4, 6, 8.  The administrative judge then issued a show cause order, directing the appellant to establish why his appeal should not be dismissed

---

[2] Though not relevant for purposes of this appeal, the agency placed the appellant off work pending consultation with OWCP because he alleged that he could not perform the duties of this modified position.  *Id*. at 42.

for lack of Board jurisdiction.  IAF, Tab 11.  Again, both parties responded.  IAF, Tabs 15, 16.

¶8    Without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction.  IAF, Tab 1 at 1, Tab 17, Initial Decision (ID).  The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has responded, PFR File, Tab 3, and the appellant has replied, PFR File, Tab 4.

<u>The appellant was not entitled to a hearing because he failed to present nonfrivolous allegations of Board jurisdiction.</u>

¶9    In his petition for review, the appellant argues that the administrative judge erred by not granting his requested hearing.  PFR File, Tab 1 at 5.  We disagree.

¶10   The appellant bears the burden of establishing that the Board has jurisdiction over his appeal.  5 C.F.R. § 1201.56(a)(2)(i).  To establish jurisdiction over a restoration appeal under 5 C.F.R. § 353.304(c) as a partially recovered individual, the appellant must prove by preponderant evidence that: (1) he was absent from his position due to a compensable injury; (2) he recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of him; (3) the agency denied his request for restoration; and (4) the denial was arbitrary and capricious because of the agency's failure to perform its obligations under 5 C.F.R. § 353.301(d).[3]  *See Bledsoe v. Merit Systems Protection*

---

[3] The administrative judge found that the appellant was a partially-recovered employee. ID at 6-7.  A partially-recovered employee is one who has recovered sufficiently to return to modified duty, with the expectation that he will fully recover eventually. 5 C.F.R. § 353.103.  The appellant's doctor, Dr. Eichel, indicated that the appellant reached maximum medical improvement in May 2003.  IAF, Tab 8 at 32.  Dr. Seibert expressed no opinion on this point. *Id.* at 57-62.  In his petition for review, the appellant argues that he has permanent restrictions but does not explain the significance of this fact to the analysis of his claims.  PFR File, Tab 4 at 1-2.  We find that the appellant was either a partially-recovered or physically disqualified employee. *See* 5 C.F.R. § 353.103 (a physically disqualified individual is one who cannot, or for medical reasons should not, perform the duties of his former position, and who is not expected to improve or recover).  However, the distinction is not significant.  Because

*Board*, [659 F.3d 1097](#), 1104 (Fed. Cir. 2011). If an appellant makes nonfrivolous allegations of jurisdiction, he is entitled to a jurisdictional hearing. *See id.* at 1102.

¶11 The administrative judge found that the appellant satisfied the first two prongs of the jurisdictional standard. ID at 7. However, he then found that the appellant failed to meet prongs three and four. ID at 7-11. The administrative judge concluded that the appellant failed to nonfrivolously allege that the agency denied him restoration or that such denial was arbitrary and capricious. ID at 11. We agree.

¶12 The appellant argues that the agency effectively denied his restoration because it did not offer him a position that met the restrictions of his treating physician. PFR File, Tab 1 at 5, Tab 4 at 4. It is true that a restoration offer that does not comport with an employee's medical limitations may constitute a denial of restoration. *See Foley v. U.S. Postal Service*, [90 M.S.P.R. 206](#), ¶ 6 (2001). However, the agency offered to restore the appellant to a position that included the same restrictions as those provided by an independent medical examiner and adopted by OWCP. *Compare* IAF, Tab 8 at 40-41 (agency's offer of modified assignment), *with id*. at 55-62 (OWCP letter to appellant adopting the physical limitations detailed by Dr. Seibert). The administrative judge found that this offer was valid and consistent with the weight of medical evidence. ID at 8-9. As discussed further below, we agree. Accordingly, the appellant failed to nonfrivolously allege that the agency denied his restoration or that such denial

---

more than 1 year passed since the appellant's injury, his rights are the same as those of a partially-recovered individual. *See* IAF, Tab 8 at 55 (reflecting an injury date of May 6, 2000); [5 C.F.R. § 353.301](#)(c) (after 1 year, a physically disqualified employee's rights are the same as those of fully- or partially-recovered employees, as applicable). Therefore, to the extent that the appellant is arguing that his rights were those of a physically disqualified individual, we find that his rights were properly analyzed by the administrative judge as those of a partially-recovered employee.

was arbitrary and capricious.[4]  Therefore, the administrative judge correctly determined that the appellant was not entitled to a hearing.

The agency was not required to adopt the restrictions designated by the appellant's primary care physician or to restore him to his previous job.

¶13    In his petition for review, the appellant again argues that the agency should have adopted the restrictions for modified duty designated by his treating physician and should have restored him to the job he held for 35 years.  PFR File, Tab 1 at 5.  We disagree.

¶14    The appellant argued below and again in his petition for review that the restrictions included in the modified position the agency offered are insufficient.  *See, e.g.*, IAF, Tab 1 at 3-4; PFR File, Tab 1 at 5.  In determining whether a position is suitable for an employee's particular medical condition, the Board is bound to any suitability determination of OWCP, if one exists, because OWCP possesses the appropriate expertise.  *See New v. Department of Veterans Affairs*, 142 F.3d 1259, 1264 (Fed. Cir. 1998); *see also Paszko v. U.S. Postal Service*, 119 M.S.P.R. 207, ¶ 12 (2013).  Here, the record does not contain a suitability determination from OWCP.  However, it is undisputed that OWCP adopted the opinion and restrictions of the independent medical examiner, Dr.

---

[4] The appellant made allegations of discrimination, harassment, and retaliation below, *see e.g.*, IAF, Tab 1 at 4-6, and he implicated disability discrimination in his petition for review, PFR File, Tab 1 at 5.  The Board lacks jurisdiction over such claims in the absence of an otherwise appealable action.  *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 58 (2012However, they are considered to the extent that they pertain to the jurisdictional issue.  *Id.*  The administrative judge found the allegations vague, conclusory, and insufficient to establish that the agency acted in an arbitrary and capricious manner regarding his restoration.  ID at 11.  We agree.  Even with these claims, the appellant failed to present nonfrivolous allegations of Board jurisdiction entitling him to a hearing.  Further, as to the appellant's claim that he was discriminated against based on his disability, the agency attempted to meet with him in July 2013, to discuss reasonable accommodation of his medical condition.   IAF, Tab 8 at 45, 48.  The agency asserted, and the appellant does not dispute, that he declined to attend this meeting.  *Id.* at 7, 44; *see Brown v. Department of the Interior*, 121 M.S.P.R. 205, ¶ 19 (2014) (an employee is obligated to interact with an agency during the reasonable accommodation process).

Seibert, not the more restrictive limitations ordered by the appellant's treating clinician. IAF, Tab 8 at 55-62. The administrative judge similarly found Dr. Seibert's opinion controlling. ID at 9-11. Among other things, the administrative judge reasoned that Dr. Seibert is a Board-certified orthopedic surgeon, whereas the appellant's physician is a family practitioner. ID at 9. Although the appellant expresses disagreement with this conclusion, he has not provided a basis to reverse the administrative judge's well-reasoned findings to credit the limitations set by the independent orthopedist over those of the appellant's family doctor. *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133-34 (1980) (mere disagreement with the administrative judge's findings does not warrant full review by the Board).

¶15    To the extent that the appellant also alleges that he should have been restored to the position he held for 35 years, this argument fails as well. Unlike a fully-recovered individual, a partially-recovered individual has no right to mandatory restoration to his former position or to an equivalent one. *See Davis v. Department of Justice*, 61 M.S.P.R. 92, 97, *aff'd*, 43 F.3d 1485 (Fed. Cir. 1994) (Table); *compare* 5 C.F.R. § 353.301(a)-(b) (rights of fully-recovered employees), *with* 5 C.F.R. § 353.301(d) (rights of partially-recovered employees). Here, the appellant has not alleged that he is fully recovered. *See, e.g.*, PFR File, Tab 1 at 5. Therefore, he was not entitled to his former position or any equivalent.

The administrative judge did not exhibit any bias or prejudice against the appellant.

¶16    In his petition for review, the appellant alleges that the administrative judge was biased and prejudiced against him because he could not afford legal representation. PFR File, Tab 1 at 5, Tab 4 at 3. We disagree.

¶17    There is a presumption of honesty and integrity on the part of administrative judges that can only be overcome by a substantial showing of personal bias, and the Board will not infer bias based on an administrative judge's rulings on issues. *Williams v. U.S. Postal Service*, 87 M.S.P.R. 313, ¶ 12 (2000).

An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence a deep-seated favoritism or antagonism that would make fair judgment impossible. *Simpkins v. Office of Personnel Management*, 113 M.S.P.R. 411, ¶ 5 (2010).

¶18      Here, other than to allege that the administrative judge did not consider his evidence properly, the appellant failed to identify any specific comments or actions to support his bare assertion of bias and prejudice. *See* PFR File, Tab 1 at 5, Tab 4 at 3. We find such a broad and general allegation is insufficient to rebut the presumption of the administrative judge's honesty and integrity. *See Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386, 389 (1980).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                   _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.